FILED
UNITED STATES DISTRICT COURT
DENVER. COLORADO

DEC 06 2024

JEFFREY P. COLWELL
CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.    1: 24 - cv - 03247
(To be supplied by the court)

JOSEPH ARCHULETA , Plaintiff

v.

**Jury Trial requested:**
**(please check one)**
__X__ Yes ____ No

MOSES STANCIL ,
AMANDA RETTING ,
JUSTIN ENSINGER ,
XAVIERA TURNER , Defendant(s).

## FIRST AMENDED VERIFIED PRISONER COMPLAINT – REQUEST FOR JURY TRIAL

| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. <br><br>**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

## A.    PLAINTIFF INFORMATION

Joseph Archuleta No. 182427 P.O. Box 1010 Canon City CO 81215

__X__    Convicted and sentenced state prisoner

1

**B.    DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:   Moses Stancil, (Executive Director, of the CDOC) 1250 Academy Park Loop, Colorado Springs CO, 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No Briefly explain:

Defendant Moses Stancil, is the Executive Director of the CDOC. Defendant Stancil promulgates, endorses, and enforces AR 700-19,  consistently acting under the color of state law. He is a resident of the State of Colorado.

Defendant 1 is being sued in his/her _X_ individual **and**/or _X_ official capacity.

Defendant 2:   Amanda Retting (Director of the Sex Offender Treatment Program ("SOTMP")) 1250 Academy Park Loop, Colorado Springs CO, 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*). Briefly explain:

Defendant,  Amanda Retting, the SOTMP program director, charged with the duties of enforcing the SOMB *Standards and Guidelines*, and AR 700-19. Defendant retting is a resident of the State of Colorado

Defendant 2 is being sued in his/her _X_ individual **and**/or _X_ official capacity.

Defendant 3: Justin Ensinger (Head SOTMP Treatment provider at the Colorado Territorial Correctional Facility ("CTCF")) P.O. Box 1010 Canon City, CO, 81215

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:

Defendant,  Justin Ensinger, is charged with enforcing the SOMB *Standards and Guidelines*; AR 700-19; and assuring the *SOMB Standards and Guidelines* criteria and AR 700-19 are being properly followed by all of CDOC workers and contracted workers. Defendant Ensinger is a resident of the State of Colorado

Defendant 3 is being sued in his/her _X_ individual **and**/or _X_ official capacity.

2

Defendant 4: <u>Xaviera Turner (SOTMP Treatment provider at the Colorado Territorial</u>
<u>Correctional Facility ("CTCF")) P.O. Box 1010 Canon City, CO, 81215</u>

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law?  <u>X</u> Yes ___ No (*check one*).  Briefly explain:

Defendant,  Xaviera, Turner is charged with enforcing the SOMB *Standards
and Guidelines*; AR 700-19; and assuring the *SOMB Standards and Guidelines*
criteria and AR 700-19 are being properly followed by all of CDOC workers
and contracted workers. Defendant Turner is a resident of the State of Colorado.

Defendant 4 is being sued in his/her <u>X</u> individual and/or <u>X</u> official
capacity.

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

<u>X</u>    State/Local Official (42 U.S.C. § 1983)

____    Federal Official
As to the federal official, are you seeking:
___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed.
Bureau of Narcotics*, 403 U.S. 388 (1971)
___ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361,
or 28 U.S.C. § 2201

## D.    STATEMENT OF CLAIM(S)

CLAIM ONE:         Fourteenth Amendment Violation—Procedural Due Process
(Against All Defendants)

CLAIM TWO:         Fourteenth Amendment Violation—Substantive Due Process under
(Against all Defendants)

CLAIM THREE:       First Amendment Violation—Freedom of protected Speech,
and Retaliation  (Against all Defendants)

CLAIM FOUR:        Eighth Amendment Violation—Cruel and Unusual Punishment
(Against all Defendants)

CLAIM FIVE:        Fifth Amendment Violation — Due Process and Right to Remain Silent
(Against all Defendants)

3

## STATEMENT OF RELEVANT FACTS

### 1. PARTIES

#### PLAINTIFF

1. At all relevant times, Joseph Archuleta, ("*Plaintiff*," or "*Archuleta*") resides in the State of Colorado and is a citizen of the United States of America.

2. Archuleta is incarcerated at the Colorado Territorial Correctional Facility. (CTCF)

3. Archuleta was convicted of *Sexual Assault, incapable of appraising, physically helpless*, on July 26, 2018.[1]

4. Plaintiff was sentenced under 18-1.3.1001. et. seq. the Sex-Offender-Lifetime-Supervision Act. ("SOLSA") on October 12, 2018 to a term of 8 years to life in the Colorado Department of Corrections (CDOC).

5. Archuleta is within four years of his parole eligibility date, and is therefore eligible for SOTMP treatment

6. Under the SOLSA,   Archuleta is required by Colorado Statute to receive treatment through the CDOC's " Sex Offender Treatment and Management Program" (SOTMP)

7. On August 08 2018,   Archuleta filed a Notice of Direct Appeal of his criminal conviction to the Colorado Court of Appeals.

8. The Colorado Supreme Court issued mandate on March 21, 2022.

9. Archuleta's appeal of the denial of his petition for Rule 35(c) relief is presently pending before the COA.

10. As of the date of this Complaint,   Archuleta continues to assert his innocence of the charges, and continues to avail himself to his rights to post-conviction relief.

11. By virtue of the fact that Archuleta presented his Direct Appeal to the COA, and now has presented his Appeal of the Crim. P. Rule 35(c) denial to the COA, he is categorized by Defendants as a "*Future Qualifier*" [for SOTMP – Mental Health Treatment] pursuant to CDOC Administrative Regulation 700-19 ("AR-700-19").

---

[1] Archuleta has maintained his innocence from the outset, testified in his own defense, exhausted his right to direct appeal, and is presently pursing post-conviction relief.

12. On July 24, 2024 Defendant Retting, through Alison Talley, refuses to enroll Archuleta in *SOTMP – Mental Health Treatment*, due to Archuleta's pending 35(c) appeal:

> "*I am writing in response to the letter you sent to Ms. Retting on AR 700-19 the F code is defined as 'F—Future: The offender has a sexual behavior criminal case awaiting judicial determination.' When your case has been resolved please contact us and we can screen you for treatment placement if it is still needed. Until that time, based on the AR, you will remain an F code. Please let me know if you have further questions. Thank you Alison Tally, MA LPC    SOMB Full Operating Adult Provider and Clinical Supervisor CDOC SOTMP* "See *Section II(1), infra.*

## DEFENDANTS

### *Defendant Moses Stancil:*

13. Moses Stancil is the Executive Director of the CDOC.

14. On information and belief, Defendant Stancil has decades of experience enforcing CDOC Administrative Regulations ("AR's"), both with respect to Sex Offenders' responsibilities, and CDOC Staff responsibilities related to the incarceration of Sex Offenders.

15. On information and belief, Defendant Stancil holds a Bachelor's Degree and a Master's Degree from Regis University in fields related to law enforcement and/or criminology.

16. Defendant Stancil has read, and promulgated current CDOC's ARs which govern crucial aspects of *SOTMP – Mental Health* treatment.

17. Defendant Stancil has demonstrable experience in the management of CDOC's Sex Offender Population.

18. Defendant Stancil has demonstrable experience in the supervision and management of CDOC SOTMP Treatment Team and *SOTMP – Mental Health* treatment providers, including supervision of Defendants Retting, Ensinger and Turner.

19. Defendant Stancil is bound by the SOMB Standards and Guidelines (*"Introduction to the Standards and Guidelines for the Assessment, Evaluation, Treatment and Behavioral Monitoring of Adult Sex Offenders"*) as they pertain to the treatment of Sex Offenders under SOLSA.

20. On information and belief, Defendant Stancil is required, though his position at the apex of the CDOC's housing and treatment of Sex Offenders, to understand how the SOMB Standard and Guidelines set the parameters for the treatment of Sex Offenders within CDOC.

5

21. Defendant Stancil is, *inter alia*, required to supervise Defendants Retting, Ensinger and Turner in order to ensure that the Defendants are individually and collectively abiding by the SOMB Guidelines.

22. As the Apex management and enforcement officer of the CDOC's *SOTMP – Mental Health* treatment program, Defendant Stancil has been the named in several recent Federal District Court actions filed in this District which alleged violations of civil rights related to the management of the CDOC's SOTMP.  *See e.g. LeRner v. Stancil, 2023 U.S. Dist. LEXIS 188347 See also Wismer v. Stancil, 2023 U.S. Dist. LEXIS 198274*

### *Defendant Amanda Retting*

23. Amanda Retting, serves as the Director of the CDOC's SOTMP.

24. Defendant Retting works at the CDOC headquarters in Colorado Springs.

25. Defendant Retting report directly to Defendant Stancil.

26. Defendant Retting has years of experience enforcing CDOC AR's, both with respect to general offenders' and Sex Offenders' conduct, and CDOC Staff conduct.

27. Defendant Retting has advanced courses, credentials, and education in the field of criminology, and Sex Offender treatment.

28. Defendant Retting has licensure in Sex Offender therapy and treatment.

29. Defendant Retting is an expert as it pertains to the SOMB and SOTMP Guidelines, and the SOTMP program.

30. Defendant Retting is aware of how the SOMB Standards and Guidelines apply to Sex Offenders who are on appeal, and how an "F Qualifier" may seek a "Variance," or "Use Immunity."

31. Defendant Retting is bound by the SOMB Standards and Guidelines as they pertain to the treatment of Sex Offenders under SOLSA.

32.  Defendant Retting is *inter alia* required to supervise Defendants Ensinger and Turner, and to ensure Defendants Ensinger and Turner are abiding by the SOMB Guidelines.

33. Defendant Retting's responsibilities include overseeing SOTMP team members' adherence to Sex Offender Guidelines and AR's.

6

34. Defendant Retting is required, through her position as the second in the chain of command, and as the "Director" of SOTMP to understand how the SOMB Standard and guidelines set the parameters for the treatment of Sex Offenders within CDOC, including those parameters for Sex Offenders who are "on appeal."

### *Defendant Justin Ensinger:*

35. Defendant Ensinger is a licensed Clinical Social Worker – LCSW-ALD .0001145 LPC. 0013301

36. Defendant Ensinger holds himself out as an expert in the field of Sex Offender treatment and management.

37. Defendant Ensinger holds himself out as an expert in the field of identifying and censoring sexually explicit reading materials which may harm CTCF's  Sex Offender community, as evidenced by his critical role on the CTCF's "Reading/Censorship Committee."

38. Defendant Ensinger is contracted by the CDOC as a *SOTMP – Mental Health* therapist, to oversee all of the therapist at the CTCF, and to ensure lawful enforcement of the SOMB *Standards and Guidelines.*

39. Defendant Ensinger reports directly to Defendant Stancil, and to Defendant Retting.

40. Defendant Ensinger oversees all aspects of the *SOTMP – Mental Health* treatment program at the CTCF.

41. Defendant Ensinger reports directly to Defendant Retting regarding Sex Offender treatment within the CTCF.

42. Defendant Ensinger is required, through his position as the head of SOTMP treatment at the CTCF to understand how the SOMB Standard and guidelines set the parameters for the treatment of Sex Offenders within CDOC, including those parameters for Sex Offenders who are "on appeal."

43. As an expert in the SOMB Standards and Guidelines, Defendant Ensinger is aware of how the SOMB Standards and Guidelines apply to Sex Offenders who are on appeal, and how an "F Qualifier" may seek a "Variance," or "Use Immunity."

44. Defendant Ensinger is often the first responder in the CTCF's grievance procedures when issues related to *SOTMP – Mental Health* treatment arise.

45. Defendant Ensinger has come to the independent conclusion that Sex Offenders in CTCF have a "liberty interest" in access to *SOTMP – Mental Health* treatment. *"[T]o Satisfy your remedy ['expedite placement into SOTMP'] would require* **violating the liberty interest of others** *who are ahead of you on the [global referral] list.*"2

46. Defendant Ensinger, upon information and belief, is superior to Defendant Turner and all of the *SOTMP – Mental Health* treatment providers at CTCF, as well as all contractors who work with CTCF's SOTMP therapeutic treatment team.

47. Defendant Ensinger is tasked with managing the day-to-day operations of the *SOTMP – Mental Health* treatment at CTCF, (including but not limited to enrolling inmates into the SOTMP).

**Defendant Xaviera Turner**

48. Defendant Turner is a licensed Clinical Social Worker - LCSW, LAC DVCS. Behavioral Health ACD. 0002304- CSW. 09927942.

49. Defendant Turner holds herself out as an expert in the field of Sex Offender treatment and management.

50. Defendant Turner is a *SOTMP – Mental Health* therapist at the CTCF.

51. Defendant Turner reports to Defendant Ensinger, Defendant Retting, and to Defendant Stancil.

52. Defendant Turner oversees all aspects of the *SOTMP – Mental Health* treatment program at the CTCF.

53. Defendant Turner is tasked with ensuring lawful enforcement of the SOMB *Standards and Guidelines.*

54. Defendant Turner is required, through her position as a leader in the CTCF's SOTMP therapeutic treatment team to understand how the SOMB Standard and guidelines set the parameters for the treatment of Sex Offenders within CDOC, including those parameters for Sex Offenders who are "on appeal."

55. Defendant Turner is aware of how the SOMB Standards and Guidelines apply to Sex Offenders who are on appeal, and how an "F Qualifier" may seek a "Variance," or "Use Immunity."

---

2 Justin Ensinger - quoted in part from a grievance response No. C-CT23/24-00237228-1 in re S.R. 08/29/2023.

8

56. Defendant Turner is tasked with managing the day-to-day operations of the SOTMP, (including but not limited to enrolling inmates into the SOTMP).

## 2. BACKGROUND

### A. *"Future Qualifier" as Defined by Defendants*

57. AR 700-19, promulgated by Defendant Moses Stancil, and followed and enforced by Defendants Amanda Retting, Justin Ensinger, and Xaviera Turner defines a "Future Qualifier" as an "*offender [who] has a sexual behavior criminal case awaiting judicial determination.*"

### B. *Treatment of Sex Offenders Awaiting Judicial Determination per the Sex Offender and Management Board. ("SOMB")*

58. The General Assembly specifically created the SOMB, which consists of Psychiatrists, Psychologists, Licensed Clinical Social Workers, and other mental health experts.

59. The SOMB was tasked with, *inter alia*, creating a mental health treatment program for Sex Offenders who are awaiting judicial determination of cases on appeal. *See.* ("*Introduction to the Standards And Guidelines For The Assessment, Evaluation, Treatment And Behavioral Monitoring Of Adult Sex Offenders"*)

60. These SOMB Guidelines were created to ensure that the *SOTMP – Mental Health* treatment providers had the requisite guidance to ensure that the treatment program would not be run in an *ad hoc* fashion. *See Id.*

61. The SOMB Guidelines are supplemented with a discussion regarding Sex Offenders who are on direct appeal or who are pursuing post-conviction relief:

> "Discussion: *Clients who are appealing the sex crime conviction can still benefit from participation* in the sexual history behavior disclosure process, and discuss behaviors unrelated to the conviction. Clients may also be able to participate in the sexual history polygraph process, excluding the crime of conviction, if determined to be appropriate to do so by the polygraph examiner and the CST."   (emphasis added)

62. The SOMB has prepared a simple chart for Defendants' to refer to when treating "*offender who have a sexual behavior criminal case awaiting judicial determination.*"

63. For ease of reference, that Chart is reproduced below in its entirety:

**DECISION TREE**: 3
APPLIES TO THOSE UNDER ACTIVE APPEAL & COURT ORDERED TO TREATMENT



---

3  STANDARDS AND GUIDELINES FOR THE ASSESSMENT, EVALUATION, TREATMENT AND
BEHAVIORAL MONITORING OF ADULT  SEX OFFENDERS, Appendix S: Use Immunity
Determination

### C. *Archuleta's Efforts to Obtain Sex Offender Treatment*

64. Although Archuleta is a *"Future Qualifier,"* due to exercising his right to pursue his direct appeal, and now his right to seek post-conviction relief, he has been DENIED enrollment in SOTMP treatment, notwithstanding his repeated requests for enrollment.

65. August 8, 2023    Archuleta sent a kite to the SOTMP team, including Retting, Ensinger and Turner: *"I am requesting you switch me back to the R Qualifier..."*

66. August 19, 2023    Archuleta sent a kite to a CDOC Case Manager:  *"I am also requesting to be put on the R[eady] qualifier for the SOTMP program."*

67. September 21, 2023    Archuleta sent a kite to Defendants Retting, Turner and Ensinger: *"Dear: Ms. Retting, Ms. X Turner Ms. K Stensell, and   J Ensinger: I am now respectfully requesting I be placed on the R Qualifier..."*

68. October 23, 2023    Archuleta sent a kite to Defendant Ensinger:  *"I am now requesting to be placed on an R (Ready) Qualifier..."*

69. As of the date of this First Amended Complaint, Defendants have NOT placed Archuleta on "R Qualifier" status.

70. On October 30, 2023    Archuleta sent a kite to Defendants Retting, Turner and Ensinger: *"Dear: Ms. Retting, Ms. X Turner Ms. K Stensell, and Mr. J Ensinger please be advised I am a SOLSA inmate, and within four years of my PED. This kite serves as a FORMAL REQUEST for immediate enrollment in SOTMP at CTCF."*

71. As of the date of this First Amended Complaint, Defendants have NOT answered the October 30, 2023 "Kite" NOR placed Archuleta on "R Qualifier" status.

72. On November 7, 2023    Archuleta sent a kite to the *SOTMP – Mental Health treatment* team, including Defendants Retting, Turner and Ensinger again requesting placement into *SOTMP – Mental Health* treatment: *"I am again requesting to be placed in to SOTMP treatment."*

73. As of the date of this First Amended Complaint, Defendants have NOT answered the November 7, 2023 "Kite" NOR placed Archuleta on "R Qualifier" status.

74. On November 24, 2023    Archuleta filed his **Step-1 grievance** which informed CDOC and Defendants Retting, Turner and Ensinger, that a Federal Courts has determined that SOLSA inmates do have a liberty interest in *SOTMP – Mental Health* treatment, as it is mandated by Colorado law under C.R.S. 18-1.3-1001 et. Seq.

11

**75.** On <u>December 19, 2023</u>    Archuleta wrote a kite to Defendant Turner requesting a meeting to address his prior kites.

**76.** On <u>December 21, 2023</u>, Defendant Ensinger personally DENIED Archuleta's November 24, 2023 **Step-1** Grievance which was answered by Defendant Ensinger and stated:

> "*Your grievance is procedurally denied because the remedy you have requested is not one that is available to you. Your remedy would require a violation of AR 700-19IV-D "Treatment Participation Requirements and Prioritization.*"

**77.** On <u>December 25, 2023</u>, Defendant Turner personally delivered a letter to    Archuleta which advised him that Archuleta would remain on the "*F qualifier*" (ineligible for SOTMP treatment)

**78.** During that <u>December 25, 2023</u> meeting with Defendant Turner, Archuleta asserted that the SOMB guidelines allow for Sex Offenders "on appeal" to benefit from SOTMP treatment notwithstanding AR-700-19, and notwithstanding the Defendants willful and wanton disregard for the SOMB guidelines.

**79.** During that <u>December 25, 2023</u> meeting, Defendant Turner admitted that, pursuant to the SOMB Guidelines, Archuleta was in fact eligible for *SOTMP – Mental Health* treatment, but per instructions from the Defendants, and "policy," Archuleta would remain as an "*F Qualifier*" . . . ineligible for Sex Offender treatment.

**80.** On <u>December 26, 2023</u> (accidently marked in the kite as 11/26/23),  Archuleta sent a follow-up kite to Defendant Turner:

> *(1). . . I am on an F qualifier and will not be placed on the R qualifier because I am on appeals. (2) . . . in spite of being on the F qualifier I can still do SOTMP treatment. (3) . . . I have requested to be immediately placed into treatment. (4) . . . I have filed a grievance with the remedy to be placed into SOTMP treatment.*
> *(5) . . . the SOTMP team is aware of the Federal ruling in <u>LeRner</u>.*

**81.** On or about <u>December 26, 2023</u>, Archuleta received the following memo from Defendant Turner:

> "*Your kite from December 9th, 2023 was received on this date. I appears as of November 2023, you are still on appeal. At this time, you will remain an S5F. Let me know if you have any further questions. Thank you,    Turner, LCSW, LAC, DVCS Behavioral Health Staff.*"

82. On <u>December 27, 2023,</u>   Archuleta filed his **Step-2 grievance** which informed CDOC and the
Defendants Retting, Turner and Ensinger, of the liberty interest and due process right
violations, and resultant injuries:

> *"I have requested placement into the SOTMP treatment and have been denied by
> CDOC's SOTMP team. As such, my statutory created liberty interest and due
> process rights are being violated ... [t]his deprivation is causing me emotional
> distress, which is manifesting into physical injury. REMEDY: immediate placement
> into SOTMP treatment...."*

83. On <u>January 26, 2024,</u>   Archuleta received the following **Step-2 grievance** DENIAL  from
Defendant Retting:

> *"Mr. Archuleta,*
> *A review of your grievance Form and the concern you present was completed Per
> AR 700-19, you have been coded an "F" meaning "future." This qualifier indicates
> that you are under judicial determination regarding an appeal. In June of 2021, you
> were assessed by an SOTMP clinician in which they discovered that you were under
> an appeal. Once your Appeal has been settled and you have informed us of the
> updated status. SOTMP will conduct a participation interview with you to determine
> your treatment amenability and eventual placement on the Global Referral List
> (GRL). Please provide an update of your current judicial status."*

84. On <u>January 26, 2024,</u>   Archuleta filed his **Step-3 grievance** which again informed CDOC and
Defendants Retting, Turner and Ensinger of liberty interest and due process right violations:

> *"my state created liberty interest, equal protection, and due process rights are
> being violated ... this deprevation is causing me emotional distress, which is also
> being manifested into **physical injury**.   Remedy: Immediately be placed into
> SOTMP treatment at CTCF.* (Bold added)

85. On <u>April 3, 2024,</u>   Archuleta received the following **Step-3** grievance DENIAL from
Griffith Marshall, that relied on Defendant Retting's Denial in the Step 2 Grievance:

> *The Step 2 response is correct and appropriate. An SOTMP provider learned on
> 6/21/21 that you were under appeal. Letter "F" indicates that you are under
> judicial determination regarding an appeal. Once you have informed SOTMP of
> the updated status a participation interview with you will be conducted to
> determine your treatment amenability and eventual placement on the Global
> Referral List.. . . [y]our request for relief is denied. This is the final response in
> this matter and you have exhausted your administrative remedies.*

86. <u>July 6, 2024</u>, Archuleta served Defendants Retting, Ensinger, and Turner with the following letter (reproduced in its entirety):

> *"Dear Director Retting: This correspondence follows numerous kites to J. Ensinger, X Turner, CM Ritter, and others requesting enrollment in SOTMP treatment. As you may know, I have requested SOTMP treatment notwithstanding my current status as an "F Qualifier" ( Sex Offender on direct appeal, or who is pursuing post-conviction relief.) Unfortunately, ALL of my requests have been summarily denied, citing my "F" status. As such, I am placed in the untenable position where I must choose between withdrawing my post-conviction relief, or pursuing post-conviction relief, but remaining untreated!*
>
> *This Hobson's choice is difficult, because I do not believe that I should waive my 5th Amendment Right, or my right to pursue post-conviction relief in order to obtain SOLSA treatment. Furthermore, there should not be a need to make such a choice, as the SOMB has promulgated Standards of Practice which specifically allow for Sex Offenders who are on appeal or pursing post-conviction relief is pending. See SOMB Standard 3.162.*
>
> *Pursuant to SOMB Practice Standard 3.162(C), I formally request immediate enrollment in SOTMP, and I further **formally request a variance** to modify standards for treatment.   Given that my next parole hearing is scheduled for August, 2024, I am requesting immediate enrollment into SOTMP, with the requisite variance, In the event that I do not hear back from you, (or those copied below,) by July 22, 2024. I will assume that my formal requests have been denied."*

87. On or about July 24, 2024, Archuleta received the following reply to his July 6, 2024 letter to Defendants Retting, Ensinger, and Turner:

> *July 24, 2024 I am writing in response to the letter you sent to Ms. Retting. Based on AR 700-19 the F code is defined as "F – Future: The offender has a sexual behavior criminal case awaiting judicial determination." When your case has been resolved please contact us and we can screen you for treatment placement if it is still needed. Until that time, based on the AR, you will remain an F code. Please let me know if you have further questions. Thank you, Allison Talley, MA, LPC SOMB Full Operating Adult Provider and Clinical Supervisor CDOC SOTMP*

88. As of the date of this First Amended Complaint, CDOC, and the Defendants Stancil, Retting, Turner and Ensinger, have taken **no action** towards granting Archuleta a variance, and/or enrolling Archuleta in *SOTMP – Mental Health* treatment.

14

### D. Personal Participation Harm

#### Defendant Moses Stancil

89. Defendant Stancil crafted, signed, promulgated and enforces AR 700-19 which defines an inmate "on appeal" otherwise known as an "F-qualifier" as: "*F – Future: The offender has a sexual behavior criminal case awaiting judicial determination.*"

90. Defendant Stancil is required, through his position as Executive Director of the CDOC to understand how the SOMB Standard and guidelines set the parameters for the treatment of Sex Offenders within CDOC, including those parameters for Sex Offenders who are "on appeal."

91. Defendant Stancil knew and knows that Sex Offenders in CDOC who are on direct appeal, or who are at any stage of the Rule 35(c) appellate process are in fact, eligible for SOMTP treatment notwithstanding AR 700-19.

92. Defendant Stancil knew and knows that Defendants Retting, Ensinger, and Turner are completely denying treatment to Sex Offenders who are "on appeal."

93. Defendant Stancil knew and knows that denial of Sex Offender treatment which is mandated by Colorado statute, has been the focus of litigation before this Federal Court.

94. On information and belief, Defendant Stancil (through his subordinates including Defendants Retting, Ensinger, and Turner) knows that Archuleta has been consistently denied enrolment into *SOTMP – Mental Health treatment* based solely on Archuleta's "F qualifier" status.

95. Defendant Stancil has knowingly, willfully and wantonly disregarded: (a) the General Assemblies mandate for Sex Offender treatment; (b) the SOMB *Standards and Guidelines* for Sex Offenders "on appeal"; (c) and Archuleta's repeated requests for *SOTMP – Mental Health* treatment.

96. Defendant Stancil's creation and enforcement of AR 700-19, and his knowing willful and wanton disregard for the SOMB Guidelines effectively requires Archuleta's incarceration throughout the pendency of his appeals and post-conviction relief beyond his base-line sentence of "8 years"

97. Defendant Stancil's creation and enforcement of AR 700-19, and his knowing willful and wanton disregard for the SOMB Guidelines has left Archuleta untreated by the SOTMP Therapeutic Treatment Team.

98. Defendant Stancil's creation and enforcement of AR 700-19, and his knowing willful and wanton disregard for the SOMB Guidelines has, *ultra vires*, sentenced Archuleta to lifetime incarceration without SOTMP treatment, contrary to the General Assembly's intent in enacting SOLSA.

99. Defendant Stancil is aware that failure to treat a CDOC inmate's severe medical ills constitutes cruel and unusual punishment.

100. Defendant Stancil is aware that failure to treat a CDOC inmate's severe mental health ills constitutes cruel and unusual punishment.

### *Defendant Amanda Retting*

101. Defendant Retting knows, as evidenced by her continued enforcement of AR 700-19 and her that an "F-qualifier" is defined as: "*F – Future: The offender has a sexual behavior criminal case awaiting judicial determination.*"

102. Defendant Retting is required, through her position as Director of the CDOC SOTMP program to understand how the SOMB Standard and guidelines set the parameters for the treatment of Sex Offenders within CDOC, including those parameters for Sex Offenders who are "on appeal."

103. Defendant Retting knew and knows that Sex Offenders in CDOC who are on direct appeal, or who are at any stage of the Rule 35(c) appellate process are in fact, eligible for SOMTP treatment notwithstanding AR 700-19.

104. Defendant Retting knew and knows that Defendants Ensinger, and Turner are completely denying treatment to Sex Offenders who are "on appeal."

105. Defendant Retting knew and knows that denial of Sex Offender treatment which is mandated by Colorado statute, has been the focus of litigation before this Federal Court.

106. Defendant Retting knows that Archuleta has been consistently denied enrolment into *SOTMP – Mental Health treatment* based solely on Archuleta's "F qualifier" status.

107. Defendant Retting has knowingly, willfully and wantonly disregarded: (a) the General Assemblies mandate for Sex Offender treatment; (b) the SOMB *Standards and Guidelines* for Sex Offenders "on appeal"; (c) and Archuleta's repeated requests for *SOTMP – Mental Health* treatment.

108. Defendant Retting's enforcement of AR 700-19, and her knowing, willful and wanton disregard for the SOMB Guidelines effectively requires Archuleta's incarceration throughout the pendency of his appeals and post-conviction relief beyond his base-line sentence of "8 years"

109. Defendant Retting's enforcement of AR 700-19, and her knowing willful and wanton disregard for the SOMB Guidelines has left Archuleta untreated by the SOTMP Therapeutic Treatment Team.

110. Defendant Retting's enforcement of AR 700-19, and her knowing willful and wanton disregard for the SOMB Guidelines has, *ultra vires*, sentenced Archuleta to lifetime incarceration without SOTMP treatment, contrary to the General Assembly's intent in enacting SOLSA.

111. Defendant Retting knew and knows that on <u>August 8, 2023</u>  Archuleta sent a kite to the *SOTMP – Mental Health treatment* team requesting SOTMP enrollment. ***See ¶ 65, Supra*** *(Kite from Archuleta requesting change from F-Qualifier status to R-Qualifier Status).*

112. Defendant Retting knew and that on <u>September 21, 2023</u>  Archuleta sent a kite to her and the other Defendants in which again requested a change from F-Qualifier status to R-Qualifier Status. ***See ¶ 67, Supra*** *("I am now respectfully requesting I be placed on the R Qualifier, I have also sent my case manager a kite to inform her if this request is not timely met I will be denied for parole…")*

113. Defendant Retting knew and knows that on <u>October 30, 2023</u>  Archuleta sent a kite to the SOTMP Therapeutic Treatment Team formally requesting *immediate enrollment* in *SOTMP – Mental Health* treatment. ***See ¶ 70, Supra.*** *("This kite serves as a FORMAL REQUEST for immediate enrollment in SOTMP at CTCF.")*

114. Defendant Retting knew and knows that on <u>October 30, 2023</u>, Archuleta sent a kite to Defendants Retting, Ensinger, and Turner which advised the Defendants: (a) Archuleta was then within four years to his Parole Eligibility Date; and (b) Archuleta formally requested "immediate enrollment into SOTMP at CTCF."

115. Defendant Retting knew, that on <u>November. 7, 2023</u>  Archuleta sent a kite to the therapeutic treatment team, (which included Defendant Retting) again requesting placement into *SOTMP – Mental Health* treatment.

116. On <u>January 26, 2024,</u>  Defendant Retting personally DENIED Archuleta's **Step-2 grievance** DENIAL: *See ¶ 83, Supra ("Once your Appeal has been settled and you have informed us of the updated status. SOTMP will conduct a participation interview with you to determine your treatment amenability and eventual placement on the Global Referral List (GRL).")*

117. On <u>January 26, 2024,</u>   Archuleta filed his **Step-3 grievance** which again informed CDOC and Defendants Retting, Turner and Ensinger, of liberty interest and due process right violations, and resultant injuries.  *See ¶ 84, Supra ("I have requested placement into SOTMP treatment and have been denied by CDOC's SOTMP team. As such, my state created liberty interest, equal protection, and due process rights are being violated...")*

118. On <u>April 3, 2024,</u>   Archuleta received a **Step-3** grievance DENIAL from Griffith Marshall that fully relied upon Defendant Retting's Denial of the Step 2 Grievance. *See ¶ 85, Supra ("I was informed [by Retting] that the "F" code has not changed. The Step 2 response is correct and appropriate.")*

119. <u>July 6, 2024,</u> Archuleta served Defendant Retting with a letter regarding SOTMP treatment (with copies sent to Defendants Turner and Ensinger): *See ¶ 86, supra ("As you may know, I have requested SOTMP treatment notwithstanding my current status as an "F Qualifier"... ALL of my requests have been summarily denied, citing my "F" status.")*

120. On or about <u>July 24, 2024,</u> Archuleta received a reply to his July 6, 2024 letter to Defendant Retting: *See ¶ 87, supra ("When your case has been resolved please contact us and we can screen you for treatment placement if it is still needed. Until that time, based on the AR, you will remain an F code.")*

121. Defendant Retting knew, and participated in, the DENIAL of Archuleta's repeated requests for SOTMP treatment . . . treatment which has been mandated by mental health specialists licensed by the State of Colorado.

122. Defendant Retting is aware that failure to treat a CDOC inmate's severe medical ills constitutes cruel and unusual punishment.

123. Defendant Retting is aware that failure to treat a CDOC inmate's severe mental health ills constitutes cruel and unusual punishment.

### *Defendant Ensinger and Defendant Turner*

124. Defendants Ensinger and Defendant Turner receives copies of all SOTMP related grievances; actively participates in the SOTMP Grievance process, and is fully aware of the contents and denials of SOTMP grievances.

125. Defendant Ensinger and Turner enforce AR 700-19 which defines an "F-qualifier" as: *F – Future: The offender has a sexual behavior criminal case awaiting judicial determination.*

126. Defendants Ensinger and Turner are is required, through their respective positions in the CDOC's SOTMP therapeutic treatment program to understand how the SOMB Standard and guidelines set the parameters for the treatment of Sex Offenders within CDOC, including those parameters for Sex Offenders who are "on appeal."

127. Defendants Ensinger and Turner knew and know that Sex Offenders in CDOC who are on direct appeal, or who are at any stage of the Rule 35(c) appellate process are in fact, eligible for SOMTP treatment notwithstanding AR 700-19.

128. Defendants Ensinger and Turner knew and know that they are required by Defendant Stancil and Defendant Retting to completely deny treatment to Sex Offenders who are "on appeal."

129. Defendants Ensinger and Turner knew and know that denial of Sex Offender treatment which is mandated by Colorado statute, has been the focus of litigation before this Federal Court.

130. Defendants Ensinger and Turner know that Archuleta has been consistently denied enrollment into *SOTMP – Mental Health treatment* based solely on Archuleta's "F qualifier" status.

131. Defendants Ensinger and Turner have knowingly, willfully, and wantonly disregarded: (a) the General Assemblies mandate for Sex Offender treatment; (b) the SOMB *Standards and Guidelines* for Sex Offenders "on appeal"; (c) and Archuleta's repeated requests for *SOTMP – Mental Health* treatment.

132. Defendants Ensinger and Turner's enforcement of AR 700-19, and their knowing, willful and wanton disregard for the SOMB Guidelines effectively requires   Archuleta's incarceration throughout the pendency of his appeals and post-conviction relief beyond his base-line sentence of "8 years"

133. Defendants Ensinger and Turner's enforcement of AR 700-19, and their knowing willful and wanton disregard for the SOMB Guidelines has left Archuleta untreated by the SOTMP Therapeutic Treatment Team.

134. Defendants Ensinger and Turner's enforcement of AR 700-19, and their knowing willful and wanton disregard for the SOMB Guidelines has, *ultra vires*, sentenced   Archuleta to lifetime incarceration without SOTMP treatment, contrary to the General Assembly's intent in enacting SOLSA.

135. August 8, 2023    Archuleta sent a kite to the SOTMP therapeutic treatment team, including Ensinger and Turner. ***See ¶ 65, Supra*** *("I am requesting you switch me back to the R Qualifier...")*

136. September 21, 2023    Archuleta sent a kite to Defendants Retting, Turner and Ensinger: requesting SOTMP treatment. ***See ¶ 112, Supra*** *(..."if this request is not timely met I will be denied for parole...")*

137. October 23, 2023   Archuleta sent a kite to Defendant Ensinger requesting SOTMP therapeutic treatment, and change from "F-qualifier" to "R-qualifier". ***See ¶.68, supra*** *("...I am now requesting to be placed on an R (Ready) Qualifier...")*

138. On October 30, 2023, Archuleta advised Defendants Retting, Ensinger, Turner, that Archuleta was within four years to his Parole Eligibility Date, and requested *"immediate enrollment into SOTMP at CTCF."*   See ¶ ***70 Supra*** *("...this kite serves as a FORMAL REQUEST for immediate enrollment in SOTMP at CTCF.")*

139. On November 7, 2023    Archuleta sent a kite to the SOTMP team, including Defendants Retting, Turner and Ensinger again requesting placement into SOTMP treatment. See ¶ *72 **Supra** ("I have spoke[en] with several case managers who have confirmed if I am not in treatment I am ineligible for community corrections which is in April of next year.")*

140. On November 24, 2023    Archuleta filed his **Step-1 grievance** which informed CDOC and the Defendants Retting, Turner and Ensinger, that the federal courts have determined that SOLSA inmates do have a liberty interest in *SOTMP – Mental Health* treatment, as it is mandated by Colorado law under C.R.S. 18-1.3-1001 et. Seq: ***See ¶ 74, Supra***

141. On December 19, 2023    Archuleta wrote a kite to Defendant Turner requesting a meeting to address his prior to kites.

142. On December 21, 2023, Defendant Ensinger DENIED Archuleta's November 24, 2023 **Step-1** Grievance: ***See ¶ 76, supra*** *("Your remedy would require a violation of AR 700-19IV-D).*

143. On <u>December 25, 2023</u>, Defendant Turner hand delivered a letter to Archuleta which advised him that he would remain on the "F qualifier" (ineligible for SOTMP treatment). *See ¶ 77, Supra*

144. On <u>December 25, 2023</u> during an in person meeting Archuleta advised Defendant Turner that the SOMB guidelines provide that notwithstanding his post-conviction relief, he remained eligible for SOTMP treatment.

145. During that <u>December 25, 2023</u> meeting, Defendant Turner admitted that, pursuant to the SOMB Guidelines, Archuleta was in fact eligible for *SOTMP – Mental Health* treatment, but per instructions from the Defendants, and "policy," Archuleta would remain as an "*F Qualifier*" . . . ineligible for Sex Offender treatment.

146. On <u>December 26, 2023</u> (accidently marked in the kite as 11/26/23), Archuleta a kite to Defendant Turner requesting SOTMP treatment: *see ¶ 80, Supra*

147. <u>July 6, 2024</u>, Archuleta served Defendants Retting, Turner, and Ensinger with a letter requesting SOTMP treatment. *See ¶ 86, supra* ("*As you may know, I have requested SOTMP treatment notwithstanding my current status as an "F Qualifier"... ALL of my requests have been summarily denied, citing my "F" status.*")

148. Defendants Ensinger and Turner knew and know that Archuleta filed his **Step-3** GRIEVANCE on January 26, 2024.

149. Defendants Ensinger and Turner knew and know that Archuleta attached a copy of *SOMB 3.162 Standards and Guidelines for the Assessment, Evaluation, Treatment and Behavioral Monitoring of Adult Sex Offenders Clients Who Have Filed an Appeal of their Conviction or Sentence* to the Step-3 Grievance.

150. Defendants Ensinger and Turner knew and know of the April 3, 2024, Step-3 grievance DENIAL from Griffith Marshall: *see ¶ 85, Supra* ("*I was informed that the "F" code has not changed. The Step 2 response is correct and appropriate.*")

151. Upon information and belief, Defendant Turner and Defendant Ensinger participated in the response to Archuleta's July 6, 2024 letter which specifically references the SOMB Guidelines, and requested enrollment into SOTMP, notwithstanding his "F Qualifier Status." *See ¶ 93 Supra*

152. Defendants Ensinger and Turner knew, and participated in, the DENIAL of Archuleta's repeated requests for SOTMP treatment . . . treatment which has been mandated by mental health specialists licensed by the State of Colorado.

153. Defendants Ensinger and Turner are aware that failure to treat a CDOC inmate's severe medical ills constitutes cruel and unusual punishment.

154. Defendants Ensinger and Turner are aware that failure to treat a CDOC inmate's severe mental health ills constitutes cruel and unusual punishment.

155. Defendant Ensinger and Defendant Turner knew (and participated in)   Archuleta being deliberately an indifferently denied complete treatment for his mental health condition, recommended by mental health specialists licensed by the state of Colorado, including denial of access to the *SOTMP – Mental Health treatment.* The Denial of Mental Health treatment does not equate with a mere delay because,   Archuleta is not on any type of waitlist, (e.g., the GRL) and Defendant Ensinger is aware, as a result   Archuleta will never receive treatment and will therefore never become eligible for parole. This intentional denial of required mental health treatment recommended by mental health specialists is deliberately indifferent to plaintiff's plight, which has had the direct effect of violation Plaintiffs Eight amendment right to mental health treatment.

### *Harm (damages) upon Archuleta*

156.   Archuleta has spent thousands of hours considering whether to withdraw his post-conviction relief, (including his direct appeal, his post-conviction rule 35(c) petition; and his pending 35(c) appeal) solely in order to avail himself of mandated SOTMP therapeutic treatment.

157. At times (even as recently as during the drafting of this civil action) Archuleta has drafted motions to withdraw post-conviction relief, solely because he has been willfully and wantonly mislead by Defendant Stancil, Retting, Ensinger, and Turner that an "F-Qualifier "on appeal" is prohibited by law and CTCF "policy"  from receiving SOTMP therapeutic  treatment unless that appeal is withdrawn.

158. Archuleta's close family members have pleaded with him to withdraw his post-conviction relief, just so that Archuleta can receive SOTMP Mental Health treatment, and therefore expedite his mental health recovery.

159. Having to refuse the sincere requests of his family to withdraw post-conviction relief, Archuleta has inadvertently ostracized himself from some family members, who believe that Archuleta's pursuit of his rights to appeal his conviction is a selfish act, and is to the detriment of the family.

160. Archuleta has suffered severe emotional harm, knowing that his effort to avail himself of his right to grieve the government by way of non-frivolous appeals has caused severe emotional harm to his family.

161. Archuleta asserts that the Defendants' complete denial of his requests for treatment is a calculated response meant to retaliate against him for pursuing appeals that the Defendants deem frivolous and/or in direct conflict with a decision of a 12 member jury.

162. Archuleta further asserts that the Defendants' complete denial of his requests for treatment is meant to send a chilling effect to Archuleta other Sex Offenders who seek to pursue post-conviction relief that raise issues of plain error, structural error, prosecutorial misconduct, ineffective assistance of counsel, and the like.

163. By retaliating against Archuleta in the form of denying SOTMP therapeutic treatment, the Defendants have taken all hope of timely mental health treatment away from Archuleta.

164. By retaliating against Archuleta, in the form of denying SOTMP –Mental Health treatment, the Defendants are causing Archuleta emotional harm.

165. In refusing to enroll Archuleta into SOTMP, the Defendants have presented a *Hobson's choice* to Archuleta - abandon his First Amendment Right to grieve the government, AND abandon his Fifth Amendment right to remain silent . . . in favor of receiving SOTMP mental health treatment.

166. This Hobson's choice has untenably chilled Archuleta, as it would for any person of ordinary firmness under the same or similar circumstances.

167. Due to Defendants' actions and failures to act, Archuleta has suffered serious **emotional harms**, including but not limited to: (a) Post Traumatic Stress Disorder; (b) Complex Post Traumatic Stress Disorder; (c) loss of enjoyment of life; (d) acute and chronic stress, depression, and anxiety; (e) fear, (f) hopelessness; (g) helplessness; (h) malaise; (i) anxiety attacks; and (j) anti-social behaviors, including excessive all of which have led to acute and chronic emotional trauma.

168. As a result of the acute and chronic emotional trauma proximately caused by the Defendants, and identified in paragraph 187, *supra*, Archuleta's physical health has suffered severe **physical harms** as manifested by: (a) insomnia; (b) night terrors; (c) migraine headaches; (d)

intermittent binge eating; (e) intermittent loss of appetite; (f) stomach upset; (g) heartburn; (h) dramatic weight gain; (i) lower back pain; (j) increased A1C (pre-diabetes); (k) neuropathy in his extremities.4

169. But for the Defendants actions and failures to act, Archuleta would have been eligible for *SOTMP-therapeutic* treatment as early as 2020, and the harms identified in ¶¶ *167* and *168, supra* would not have occurred.

## VII.    CAUSES OF ACTION

### First Claim for Relief under 42 U.S.C. § 1983
### Against All Defendants
### (Fourteenth Amendment Violation—Procedural Due Process)

170. Plaintiff incorporates by reference the prior paragraphs, as well as the Introduction and Background section of this complaint.

171. SOLSA creates a protected liberty interest for inmates to receive Sex Offender treatment, because it mandates treatment coextensive with incarceration.

172. Under the Fourteenth Amendment to the United States Constitution, Plaintiff may not be deprived of his protected liberty interest without due process of law.

173. Defendants violated Plaintiff's liberty interest by depriving him of the opportunity to participate in mandatory *SOTMP-Mental Health* treatment: (a) without meaningful notice; (b) without a meaningful opportunity to contest deprivation of treatment; (c) without meaningful periodic review of his deprivation of treatment: and (d) without input from the SOMB Board regarding the Defendants' willful and wanton disregard for the *SOMB Guidelines.* (*"Introduction to the Standards And Guidelines For The Assessment, Evaluation, Treatment And Behavioral Monitoring Of Adult Sex Offenders"*)

174. Plaintiff has experienced significant emotional **and** physical harms as a direct and proximate result of Defendants' failure to provide him with sufficient process regarding the deprivation of the treatment described herein.

---

4 Archuleta notes that he is not seeking compensatory damages for the physical harms, as such damages appear to be limited by the Prison Litigation Reform Act.  However, Archuleta reserves his right to seek punitive damages for the Defendants' violation of his constitutional rights.

175. Plaintiff will continue to experience significant emotional **and** physical harms from Defendants' conduct absent a grant of the declaratory and injunctive relief requested herein.

**Second Claim for Relief under 42 U.S.C. § 1983**
**Against all Defendants**
**(Fourteenth Amendment Violation—Substantive Due Process)**

176. Plaintiff reaffirms and incorporates by reference the prior paragraphs, as well as the Introduction and Background section of this Complaint.

177. SOLSA creates a protected liberty interest for an inmate to receive Sex Offender treatment because it mandates treatment coextensive with incarceration.

178. Under the Fourteenth Amendment to the United States Constitution, Plaintiff may not be deprived of his protected liberty interest without due process.

179. Defendants have violated Plaintiff's protected liberty interest under the Fourteenth Amendment by willfully and wantonly depriving him of access to Sex Offender treatment in contravention of SOLSA, and the SOMB Guidelines, and without any legitimate penological justification.

180. Defendants violated Plaintiff's protected liberty interests under the Fourteenth Amendment by knowingly, wantonly, and willfully enforcing AR 700-19, when the Defendants knew and know that AR 700-19 is in direct conflict with the SOMB Guidelines . . . causing Archuleta to languish in prison without necessary mental health treatment.  .

181. Defendants have implemented and enforced AR 700-19 for years, and have deliberately and indifferently continued to deprive Plaintiff of treatment despite their authority and ability to resolve these ongoing violations under the Fourteenth Amendment.

182. As a direct and proximate result of Defendants' actions and failures to act, Plaintiff has suffered significant harms.

183. Plaintiff will continue to experience significant harms from Defendants' actions and failures to act absent a grant of the declaratory and injunctive relief requested herein.

### Third Claim for Relief under 42 U.S.C. § 1983
### Against all Defendants
### (Eighth Amendment Violation—Cruel and Unusual Punishment)

184. Plaintiff reaffirms and incorporates by reference the prior paragraphs, as well as the Introduction and Background section of this Complaint.

185. It is manifest that the Colorado General Assembly enacted SOLSA to treat a Sex Offender's serious mental and emotional illnesses; *"criminal thinking errors"*; and *"distorted core beliefs."*

186. In creating a mental health treatment program for Sex Offenders' mental, psychological, and emotional deficiencies and illnesses, the General Assembly established a Board which consists of medical doctors, psychiatrists, psychologists, licensed therapists, and other professionals who are expert in the mental health treatment, and management of Sex Offenders.

187. Archuleta's conviction for Sexual Assault renders him a "Sex Offender" under SOLSA, and therefore places Archuleta within a category of inmates who require intensive psychological and emotional "treatment."

188. The *SOTMP-Mental Health* treatment program does not include physical or medical therapy, but rather is focused solely on mental health treatment and therapy, which is far beyond the rudimentary rehabilitation programs available to other inmates within the CDOC (such as *"Restorative Justice,"* or *"Seven Habits of Highly Effective People"*).

189. Defendants have unequivocally concluded that, according to SOLSA, Archuleta needs intensive psychological and emotional "treatment" to address manifest mental health issues, yet the Defendants are callously disregarding that need, and are deliberately indifferent to providing such treatment

190. Inmates who have been diagnosed or labeled with mental illness and disorders, including but not limited to "Specified Paraphilic Disorders," "Disruptive Disorders," "Impulse-control Disorders," and "Conduct Disorders" (as identified in the <u>Diagnostic and Statistical Manual of Mental Disorders Ed. 5)</u> are as deserving of treatment as inmates who have serious medical needs.

191. Defendants, whose CDOC mission is to provide "corrections" to "Offenders, are aware that the need for mental health care is serious in the Sex Offender context because physicians, psychiatrists, psychologists, and other professionals on the SOMB have mandated such treatment as a "corrective" measure.

192. Defendants are aware that the need for mental health care for Sex Offenders is serious because it is so obvious that even a lay person would easily recognize the necessity for Sex Offender mental health care and treatment.

193. Defendants are aware that failure to provide necessary psychological or psychiatric treatment to Sex Offenders and other inmates with serious mental or emotional disturbances and illnesses will result in the infliction of pain and suffering just as real as would result from the failure to treat serious physical ailments

194. Defendants are aware that when Sex Offenders and other inmates with serious mental ills are effectively prevented from being treated by qualified professionals, the system of care is constitutionally infirm.

195. Defendants are aware that there exists no reason why psychological or psychiatric care should not be held to the same standard as medical care, and that a convicted Sex Offender is entitled to psychological or psychiatric care as mandated by SOLSA.

196. Defendants are aware that there is no underlying distinction between the right to medical care for physical ills and its psychological or psychiatric counterpart.

197. Defendants have inflicted upon Archuleta the deprivation of treatment with a culpable state of mind, that is, with a willful and wanton disregard towards Archuleta's mental health.

198. This deprivation of mental health care has caused Archuleta serious harms, including but not limited to: loss of enjoyment of life; stress; depression; anxiety; insomnia; migraine headaches; stomach upset; and loss of appetite - followed by binge eating. All of which have led to weight gain, lower back pain, pre-diabetes, and neuropathy in his extremities.

199. In addition to the serious harms described in ¶¶ *167* and *168*, the Defendants absolute denial of *SOTMP-Mental Health* treatment for an indefinite period of time has placed Archuleta in the singular category of inmates who have no foreseeable outdate, and have no means to ascertain such an outdate, without abandoning established constitutional rights *See* Fourth Claim for Relief, *infra*.

200. The Defendants' actions have therefore taken all hope away from Archuleta that he may ever get released . . . until, of course, he abandons or exhausts his right to appeal his conviction.

201. As Andy Dufrei said in the Shawshank Redemption: "*hope is a good thing, perhaps the best of things, and a good thing never dies.*" Here, however, the Defendants have attempted to kill all hope, in a way that serves nothing more than cruel and unusual punishment under the talisman of legitimacy afforded to the Defendants by their misguided interpretation of SOLSA and the willful and wanton disregard for the SOMB Guidelines.

### Fourth Claim for Relief under 42 U.S.C. § 1983
### Against all Defendants
### (Fifth Amendment Violation)

202. Plaintiff reaffirms and incorporates by reference the prior paragraphs, as well as the Introduction and Background section of this Complaint.

203. Archuleta filed a direct appeal of his conviction with the Colorado Appellate Court; a *writ of certiorari* to the Colorado Supreme Court; a Colorado Crim. P Rule 35(c) petition with the original trial Court; and an appeal of the denial of the 35(c) with the Colorado Appellate Court.

204. In availing himself to the procedures established by Colorado law, and protected by the United States Constitution, Archuleta has engaged in a protected activity.

205. Defendants' stated position is that in order to receive Sex Offender treatment, without variance, Archuleta must: (a) "confess" to the alleged crime; (b) explain in gross detail how the alleged crime occurred; (c) explain in gross detail how the alleged crime physically and emotionally effected the alleged victim, and (d) submit to random lie detector tests for questioning regarding the alleged crime.

206. Defendants assert that Archuleta's refusal to admit to conduct which Archuleta continues to maintain his innocence renders Archuleta "*in denial,*" and therefore not eligible to participate in *SOTMP-Mental Health* treatment.

207. Defendants' assertion that Archuleta must admit to all of elements of a crime, and the factual basis thereof, for a crime which Archuleta continues to maintain his innocence is a gross disregard of the SOMB Guidelines, and in violation of the SOMB's reasoned and professional findings.

28

208. The Defendants misinterpretation of SOLSA; their willful and wanton disregard of SOMB Guidelines; and their denial of Archuleta's mental health treatment has placed a chilling effect on Archuleta's Fifth Amendment Right to remain silent.

209. This adverse action has put a chilling effect on Archuleta, by putting him in the position of forfeiting his right to challenge the conviction so that he may participate in *SOTMP-Mental Health* treatment . . . the narrow gate that Archuleta must pass though in order to obtain SOTMP mental health treatment.

210. In denying Archuleta SOLSA mandated treatment simply because he is exercising his right to grieve the decision of the prosecutors; grieving the process which led to his conviction; and grieve the decision of the trial court in post-conviction proceedings, Defendants are pushing Archuleta to waive his right to avoid self-incrimination.

211. The Defendants' adverse action i.e., denying Archuleta *SOTMP - Mental Health* treatment, until he waives his right to avoid self-incrimination would, and does chill Archuleta (a person of ordinary firmness) from continuing in the activity.

212. The Defendants' adverse actions are motivated at least in part by the exercise of Archuleta's protected activity.

213. Archuleta has experienced actual injury due to the Defendants refusals to provide Sex Offender Treatment, simply because Archuleta is "on appeal."

### Fifth Claim for Relief under 42 U.S.C. § 1983
### Against all Defendants
### (First Amendment Violation)

214. Plaintiff reaffirms and incorporates by reference the prior paragraphs, as well as the Introduction and Background section of this Complaint.

215. Archuleta filed a direct appeal, a Colorado Crim. P Rule 35(c), and is now appealing the denial of his Crim. P. Rule 35(c). The above are post-conviction procedures are protected by Colorado law, Federal Law and the United States Constitution.

216. Archuleta's filing of post-conviction relief is a *protected activity* which has led to the Defendants taking retaliatory action against Archuleta.

217. As a result of Archuleta availing himself of a protected activity, the Defendants have denied and continue to deny Archuleta's statutorily mandated *SOTMP - MENTAL HEALTH* treatment.

218. This retaliatory action has put a chilling effect on    Archuleta, by putting Archuleta in the position of forfeiting his First Amendment right to grieve and challenge his conviction.

219. If Archuleta continues to maintain his innocence, and seek redress up the U.S. Supreme Court, Archuleta will be deemed by the Defendants to be ineligible for *SOTMP - Mental Health* treatment, notwithstanding that Archuleta may be decades beyond his parole eligibility date.

220. In denying Archuleta SOLSA mandated treatment simply because he is exercising his right to grieve the decision of the prosecutors in leveling the initial charges; grieving the process which led to his conviction; and grieving the decision of the trial court in post-conviction proceedings, Defendants are requiring that Archuleta give up the protected right to grieve the decisions of the Government.

221. The Defendants' adverse action i.e., denying Archuleta *SOTMP - MENTAL HEALTH* treatment, until he waives his right to grieve the decisions of the government would, and does chill a person of ordinary firmness, including Archuleta, from continuing in the activity.

222. This denial is more than *de minimus*, rather it effectively changes    Archuleta's sentence to life without parole . . . until Archuleta has no more rights to forfeit.

223. Through the denial of *SOTMP - MENTAL HEALTH*, the Defendants have inflicted upon Archuleta the deprivation of treatment in retaliation for his exercise of his protected rights, and with a culpable state of mind, that is, with willful and wanton disregard to Archuleta's mental health.

224. This infliction of deprivation has caused Archuleta serious harms, including but not limited to: loss of enjoyment of life; stress; depression; anxiety; insomnia; migraine headaches; stomach upset; and loss of appetite - followed by binge eating.  All of which have led to weight gain, lower back pain, pre-diabetes, and neuropathy in his extremities.

225. In addition to the serious harms described in ¶¶ *167* and *168*, the Defendants absolute denial of *SOTMP - Mental Health*  treatment for an indefinite period of time has placed Archuleta in the singular category of inmates who have no foreseeable outdate, and have no means to ascertain such an outdate, without abandoning  his First Amendment rights.

226. The denial of *SOTMP - Mental Health* treatment while Archuleta exercises his First Amendment right serves NO penaological or mental health purpose, but rather only serves to retaliate against Archuleta for exercising his First Amendment right.

227. The Defendants' retaliatory actions occur despite SOMB standards and Guidelines allowing Archuleta to obtain *SOTMP - Mental Health* treatment while on appeal.

228. These retaliatory actions have not only created coercive and harmful effects on Archuleta, they also act to chill Archuleta's rights, AND produce untoward pressure for Archuleta to forfeit his efforts to seek post-conviction relief up to the U.S. Supreme Court.

229. The Defendants erroneous interpretation of the SOLSA; their willful and wanton disregard for the SOMB Guidelines; and their subsequent deprivation of Archuleta's *SOTMP - Mental Health* treatment has placed a chilling effect on Archuleta's First Amendment Right.

230. Archuleta has experienced actual injury due to the Defendants refusals to provide Sex Offender treatment.

231. These adverse actions do NOT serve a legitimate penological purpose or justifiable government interest.


**E.    PREVIOUS LAWSUITS**

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?   __X__ Yes ___ No (*check one*). Defendant: Christopher Carr; Docket No. 20cv25\; Claims Raised: Negligence and Breach of Fiduciary Duty; Disposition: Settlement.


**F.    ADMINISTRATIVE REMEDIES**

Is there a formal grievance procedure at the institution in which you are confined?
    __X__ Yes ___ No (*check one*)
Did you exhaust administrative remedies?    __X__ Yes ___ No (*check one*)


**G.    REQUEST FOR RELIEF**

    For these reasons, Plaintiff respectfully request that Defendants be cited to appear and answer, and that the Court enter judgment against Defendants including, but not limited to:

## **Declaratory Judgment**

Plaintiff reaffirms and incorporates by reference the prior paragraphs, as well as the Introduction and Background section of this Complaint.

Plaintiff requests that the Court enter an Order determining that: (a) Archuleta has a protected liberty interest in participating in Sex Offender treatment; (b) Defendants are unlawfully depriving Archuleta of substantive and procedural rights to due process regarding participation in Sex Offender treatment; (c) Defendants are unlawfully subjecting Archuleta to cruel and unusual punishment; (d) Defendants are unlawfully chilling Archuleta of his right to remain silent, and his right to grieve the government; (e) Archuleta is currently suffering significant harms, damages, and injures from Defendants' actions and failures to act.

## **Injunctive/Prospective Relief**

Plaintiff reaffirms and incorporates by reference the prior paragraphs, as well as the Introduction and Background section of this Complaint.

Plaintiff requests that the Court enter an order for permanent injunctive relief requiring Defendants and their officers/agents to: (a) provide Archuleta with Sex Offender treatment as statutorily required; (b) permit Archuleta to receive virtual Sex Offender treatment (TeleHealth) if CDOC staffing shortages would interfere with immediate Sex Offender treatment; and (c) maintain a transparent and reliable Sex Offender Treatment Global Referral List.

## **Other Relief**

Plaintiff also request that this Court award: (a) nominal damages against Defendants in an amount to be proven at trial; (b) Exemplary/punitive damages against Defendants in an amount to be proven at trial; (c) Attorney's fees and costs; (d) Prejudgment and post-judgment interest; and (e) Such other relief, both general and special, that this Court may deem just and proper.

**H.    PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this
VERIFIED COMPLAINT, and that the information in this complaint is true and correct. *See* 28
U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I VERIFY and CERTIFY  to the
best of my knowledge, information, and belief that this complaint: (1) is not being presented for
an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost
of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or
modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so
identified, will likely have evidentiary support after a reasonable opportunity for further
investigation or discovery; and (4) the complaint otherwise complies with the requirements of
Rule 11.

(Plaintiff's signature)

(Date) 12/2/24

(Revised November 2022)

Colorado Department of Corrections
Name Joseph Archuleta
Register Number 182627
Unit 7 - UL - 3
Box Number 1010
City, State, Zip Canoncity Co 81215

UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

ALFRED A. ARRAS UNITED STATES COURTHOUSE

901 19TH STREET

DENVER, COLORADO 80294-3589


neopost
12/03/2024
US POSTAGE

CACF                    12/2/24
FACILITY

CORR              29646

182427  Joseph Arcnuera
DOC#