IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-03247-PAB-CYC

JOSEPH ARCHULETA,

     Plaintiff,

v.

MOSES STANCIL,
AMANDA RETTING,
JUSTIN ENSINGER, and
XAVIERA TURNER,

     Defendants.

---

**ORDER**

---

This matter comes before the Court on plaintiff Joseph Archuleta's Motion to Reopen Reconsider [sic] [Docket No. 35].[1]  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I.    BACKGROUND

On October 12, 2018, plaintiff was sentenced under the Colorado Sex Offender Lifetime Supervision Act ("SOLSA") to a term of 8 years.  Docket No. 13 at 4, ¶ 4. Plaintiff is incarcerated at the Colorado Territorial Correctional Facility ("CTCF") and is in the custody of the Colorado Department of Corrections ("CDOC") at.  *Id.*, ¶¶ 2, 4. Pursuant to SOLSA, plaintiff is required to receive treatment through the Sex Offender Treatment Management Program ("SOTMP").  *Id.*, ¶ 6.  However, because plaintiff

---

[1] Because plaintiff is proceeding pro se, the Court construes his pleadings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

appealed his conviction, he is characterized as a "Future Qualifier" and is unable to receive treatment through SOTMP. *Id.* at 4-5, ¶¶ 11-12. On December 6, 2024, plaintiff filed an amended complaint, pursuant to Fed. R. Civ. P. 15(a)(1)(B), asserting five claims pursuant to 42 U.S.C. § 1983 arising out of plaintiff's inability to receive treatment through SOTMP: (1) a Fourteenth Amendment procedural due process claim; (2) a Fourteenth Amendment substantive due process claim; (3) an Eighth Amendment cruel and unusual punishment claim; (4) a Fifth Amendment compelled self-incrimination claim; and (5) a First Amendment retaliation claim. *See id.* at 3.

On August 29, 2025, the magistrate judge issued his recommendation that defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be granted. Docket No. 31 at 14. The recommendation noted that, pursuant to Fed. R. Civ. P. 72, the parties had 14 days after service of the recommendation to file any objections to the recommendation. *Id.* at 14 n.1. On September 19, 2025, noting that no objections had been filed, the Court found that there was no clear error on the face of the record and accepted the magistrate judge's recommendation. Docket No. 32. Final judgment entered that same day. Docket No. 33.

On September 25, 2025, plaintiff filed an objection to the recommendation. Docket No. 34. On October 10, 2025, plaintiff filed a motion to reopen this case and for the Court to reconsider its order accepting the magistrate judge's recommendation now that his objection has been filed. Docket No. 35.

## II.    ANALYSIS

Plaintiff states that, while the recommendation is dated August 29, 2025, a Friday, it appears that the Clerk's Office did not place it in the mail until September 2,

2025 and he did not receive the recommendation until September 5, 2025, attaching the postmarked envelope and a CTCF mail log in support. *Id.* at 2; Docket No. 35-1 at 6-7. Thus, plaintiff argues that the 14-day window to object did not begin to run until September 5, 2025 and ended on September 19, 2025. *See* Docket No. 35 at 3. Plaintiff contends that, pursuant to the prison mailbox rule, his objection was timely filed on September 17, 2025. *Id.*

First, the Court discusses the deadline by which plaintiff had to file his objection. When service is by mail, service is made upon "mailing it to the person's last known address--in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). "Service by mail is accomplished, for purposes of Rule 5, when documents are placed in the hands of the United States Post Office or in a Post Office Box." *Theede v. U.S. Dep't of Lab.*, 172 F.3d 1262, 1266 (10th Cir. 1999). Plaintiff's time to file his objection did not begin until September 2, 2025, as shown by the postmark date on the recommendation, which is the date that the post office presumably received the letter. *See* Docket No. 35-1 at 6. Furthermore, pursuant to Fed. R. Civ. P. 6(d), "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Adding 17 days to September 2, 2025, plaintiff's deadline to object was September 19, 2025. *See Jabarah v. Wray*, No. 21-cv-01047-NYW-NRN, 2024 WL 810021, at *1 (D. Colo. Feb. 27, 2024) (calculating the deadline for objections "given the fourteen-day window to file objections, and adding the three-day period of time permitted by Rule 6(d)").

3

Next, the Court addresses whether plaintiff's objection was timely filed by September 19, 2025.  The prison mailbox rule was first articulated in *Houston v. Lack*, 487 U.S. 266, 276 (1988), and states that a notice of appeal is considered timely if given to prison officials before the filing deadline, regardless of when the Court receives the document.  *Price v. Philpot*, 420 F.3d 1158, 1164–67 (10th Cir. 2005).[2]  "To gain the benefit of the prison mailbox rule, a party must either (1) use the legal mail system or (2) attach a notarized statement or a declaration compliant with 28 U.S.C. § 1746 stating the date the filing was given to prison officials and stating that the filing had pre-paid, first-class postage."  *Session v. Carson*, No. 18-cv-00239-PAB-KLM, 2022 WL 2763462, at *2 (D. Colo. July 15, 2022) (citing *Price*, 420 F.3d at 1166).

Plaintiff states that he used the prison's legal mail system and gave his objection to prison officials on September 17, 2025.  *See* Docket No. 35-1 at 3, ¶ 13.  Plaintiff attaches a mail log that shows his objection was mailed on September 17, 2025.  *See id.* at 8.  Furthermore, the envelope containing the recommendation lists a received date of September 17, 2025 and is signed by a CDOC employee.  *See* Docket No. 34-2 at 2. Accordingly, pursuant to the prison mailbox rule, plaintiff's objection was timely filed. The Court will grant plaintiff's motion to reopen this case and order defendants to respond to plaintiff's objection within 14 days of this order.

---

[2] Federal Rule of Appellate Procedure 4(c)(1) extends the prison mailbox rule to notices of appeal filed in "either a civil or criminal case."  *Price*, 420 F.3d at 1164 (quoting Fed. R. App. P. 4(c)(1)).  Further, "[t]he Tenth Circuit has long applied the prison mailbox rule in contexts beyond the filing of a notice of appeal."  *Burnette v. Rhodes*, No. 15-cv-02478-LTB, 2016 WL 345493, at *2 (D. Colo. Jan. 28, 2016) (citing *Price*, 420 F.3d at 1164).

III.    CONCLUSION

Therefore, it is

**ORDERED** that plaintiff Joseph Archuleta's Motion to Reopen Reconsider

[Docket No. 35] is **GRANTED**.  It is further

**ORDERED** that the Order Accepting Magistrate Judge's Recommendation

[Docket No. 32] is **VACATED**.  It is further

**ORDERED** that defendants shall respond to plaintiff's Objection, Docket No. 34,

within **14 days** of the date of this order.

DATED July 28, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

5